IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JASON SCHMIDT,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 14-08-BU-DWM-JCL<br><br>FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

On February 12, 2014, Jason Schmidt filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. Schmidt is a state prisoner proceeding pro se.

Schmidt pursued direct review of his conviction in the state courts, *see generally State v. Schmidt*, 224 P.3d 618 (Mont. 2009), but none of the claims in Schmidt's federal petition was presented on direct review. On June 1, 2011, Schmidt filed a petition for postconviction relief in the trial court. That petition remains pending. The records of the Second Judicial District Court show that Schmidt filed an amended petition on May 20, 2014. Consequently, all of the claims in Schmidt's federal petition are unexhausted.

28 U.S.C. § 2254(b) and (c) provide "a simple and clear instruction to

potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Rose v. Lundy*, 455 U.S. 509, 520 (1982). The petition should be dismissed without prejudice to re-filing. A stay is not available because none of Schmidt's federal claims is exhausted. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Further, while Schmidt's state postconviction proceeding has been pending for some time, there is no reason for Schmidt to be confused as to state filing requirements. *See Heleva v. Brooks*, 581 F.3d 187, 191-92 (9th Cir. 2009). His original postconviction petition was filed within one year of the United States Supreme Court's denial of *certiorari* review. *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 653-54 (2012); 28 U.S.C. § 2244(d)(2). He may preserve his current position under federal procedural law simply by filing expeditiously in federal court, if necessary, when the state proceedings conclude.

Schmidt is correct that the delay in his case is unusual and that delay in a state court's proceedings may support a finding that effective corrective process is not available in the state court. Where that finding is made, the exhaustion requirement is excused. *See, e.g.*, 28 U.S.C. § 2254(b); *Coe v. Thurman*, 922 F.2d 528, 529, 530-31 (9th Cir. 1990) (direct appeal had been open for more than three years and not all opening briefs were yet filed); *see also Mooney v. Holohan*, 294 U.S. 103, 113 (1935) (holding that States are required to provide corrective judicial

2

process to remedy alleged wrongs). Here, however, Schmidt's petition was fully briefed within four months of its filing. While it appears that two and a half years passed with no action in the case by the trial court, this Court is not prepared at this time to hold the state corrective process "ineffective." Courts sometimes take time for the sake of making the right decision. Further, a remedy for delay may be available to Schmidt in the Montana Supreme Court.

At this time, it is appropriate to dismiss the federal petition for lack of exhaustion. Schmidt will not be prejudiced by this dismissal. If the state proceedings do not result in the relief he seeks, he may re-file in this Court after his state proceedings, including appeal to the Montana Supreme Court, are concluded. A second federal petition filed after the first is dismissed for lack of exhaustion is not a "second or successive petition." *Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000).

Schmidt is advised, however, that he must act quickly when his state postconviction proceedings are concluded. He has less than one month to file his federal petition when state postconviction proceedings are concluded. 28 U.S.C. § 2244(d)(1)(A), (d)(2); *Gonzalez*, 132 S. Ct. at 653-54. There is no 90-day tolling period after the conclusion of postconviction proceedings. *Lawrence v. Florida*, 549 U.S. 327, 329 (2007).

"The district court must issue or deny a certificate of appealability when it

enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Cases. While the Court believes its recommendation is correct, reasonable jurists might question whether the exhaustion requirement should be excused in view of the delay in the trial court's proceedings on the postconviction petition. *Gonzalez*, 132 S. Ct. at 648 (quoting *Slack*, 529 U.S. at 484). In addition, considering only the face of the federal petition and none of the state court record, Schmidt meets the relatively low threshold of 28 U.S.C. § 2253(c)(2). A certificate of appealability should be granted on the procedural issue.

Based on the foregoing, the Court enters the following:

**ORDER**

The Clerk of Court shall attach to this document the docket of the postconviction action in the trial court, received in this Court on June 12, 2014.

The Court also enters the following:

**RECOMMENDATION**

1. Schmidt's petition (Doc. 1) should be DISMISSED for lack of exhaustion.

2. The Clerk of Court should be directed to enter by separate document a judgment of dismissal without prejudice.

3. A certificate of appealability should be GRANTED on the issue of whether the exhaustion requirement should be excused due to delay in the state

postconviction proceedings.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Schmidt may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Schmidt must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 13th day of June, 2014.

                                        */s/ Jeremiah C. Lynch*
                                        Jeremiah C. Lynch
                                        United States Magistrate Judge

---

[1] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.