**FILED**

JUL 3 0 2014

Clerk, U.S. District Court
District Of Montana
Missoula



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

|  |  |
|---|---|
| JASON SCHMIDT,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD and the<br>ATTORNEY GENERAL OF THE<br>STATE OF MONTANA,<br><br>Respondents. | CV 14–08–BU–DWM–JCL<br><br><br>ORDER |

This action was filed in the United States District Court for the District of

Montana, Butte Division on February 12, 2014. Petitioner Jason Schmidt seeks a

writ of *habeas corpus* under 28 U.S.C. § 2254. Because Schmidt is a prisoner,

upon filing, this matter was referred to United States Magistrate Judge Jeremiah C.

Lynch. *See* L.R. 72.2(a). Judge Lynch issued proposed Findings and

Recommendations regarding the Petition on June 13, 2014. (Doc. 6.) On June 27,

2014, Schmidt timely filed an Objection to the proposed Findings and

Recommendations. (Doc. 7.)

The portions of Judge Lynch's proposed Findings and Recommendations to

which Schmidt objects are reviewed *de novo*, otherwise the report is reviewed for

-1-

clear error. When a party objects, the Court reviews the relevant portions of the

United States Magistrate Judge's proposed findings and recommendations *de*

*novo*. 28 U.S.C. § 636. When no party objects, the Court reviews the findings and

recommendations of a United States Magistrate Judge for clear error. *McDonnell*

*Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir.

1981). Clear error is present only if the Court is left with a "definite and firm

conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d

422, 427 (9th Cir. 2000).

Judge Lynch's report contains no mistake of fact or law. It will be adopted

in-full. Schmidt objects to Judge Lynch's recommendation that the Petition be

dismissed without prejudice to re-filing because Schmidt has failed to exhaust

state remedies. 28 U.S.C. § 2254(b) and (c) plainly require a litigant to exhaust

claims in state courts prior to seeking recourse in the federal courts. *Rose v.*

*Lundy*, 455 U.S. 509, 520 (1982). While the exhaustion requirement may be set

aside where effective corrective process is not available in state court due to

significant delay, "there is no talismanic number of years or months after which

due process is automatically violated." *Coe v. Thurman*, 922 F.2d 528, 531 (9th

Cir. 1990). In evaluating whether a period of delay denies a petitioner effective

corrective process such that the exhaustion requirement ought be excused, a

district court considers the length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. *Id.*

Judge Lynch's finding that it is not yet appropriate to find state corrective process ineffective is well-reasoned and will stand. While a period of three years has elapsed since Schmidt first filed his petition for postconviction relief, he only recently filed an amended petition with the state trial court. Adjudication of the petition, as amended, will take time. The petition as amended has only been pending before the State District Court for two months. The period of delay Schmidt cites is presumably due to the time needed for the state court to assess the petition and consider it in due course, with the aim of resolving the issues presented completely and accurately. Furthermore, the cause of the delay is also likely attributable to Schmidt's own actions. His recent amendment of the petition and letters to the state court may serve to prolong the proceedings, as each require review and analysis by the state district court. While Schmidt has vigilantly asserted his right to due process, he has not shown significant prejudice attendant to the delay cited. The delay in this case is not such that the state corrective process is ineffective. The exhaustion requirement set forth in 28 U.S.C. § 2254(b) and (c) stands. Because some of Schmidt's claims are not fully exhausted, the Petition now in issue will be dismissed without prejudice.

-3-

Based on the foregoing, IT IS ORDERED that Judge Lynch's Findings and Recommendations, (Doc. 6), are ADOPTED IN FULL.

IT IS FURTHER ORDERED that Jason Schmidt's Petition for Writ of *Habeas Corpus*, (Doc. 1), is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED a certificate of appealability is GRANTED on the issue of whether the exhaustion requirement should be excused due to delay in Schmidt's state postconviction proceedings.

IT IS FURTHER ORDERED that the Clerk of Court shall enter by a separate document judgment of dismissal without prejudice and shall close this case.

DATED this 30 day of July, 2014.

Donald W. Molloy, District Judge
United States District Court